# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed May 23, 1924.

---

ABRAHAM WEISMAN
VS.
JACOB AMOLSKY.

---

*Morris A. Rome* for plaintiff.
*Singerman & Sherry* for defendant.

DAWKINS, J.—

The Court: Gentlemen, I am afraid you have not alleged any jurisdictional fact. The mere allegation of partnership does not entitle the Court to grant the relief prayed.

I am satisfied there was some sort of partnership. I am quite sure that the plaintiff put his two thousand and fifty-six dollars in and he received commissions, he received a check for the commissions and turned it over to the defendant.

If the parties made that transaction among themselves and the purchaser did not care, certainly it meant something more than an attempt to get rid of it by the parol testimony in the teeth, I think, of this written paper.

This written paper does not leave any doubt in my mind that there was some sort of a partnership arrangement and I do not believe the testimony that the plaintiff was merely to attempt to make a sale and if he did not make a sale he was to have no further interest in the matter.

I think that is borne out very conclusively, by the defendant himself and his witnesses; in fact, I think the defendant has proven there was some sort of a partnership arrangement. Confessedly the transaction was closed without the plaintiff having an opportunity to exhaust his efforts to make

a sale. I am very well satisfied that there was some sort of contract arrangement. I do not think the real arrangement was that the plaintiff was to go on and try to sell and have offers, whether accepted or not and only entitled to a share in the deal if he sold within the sixty days of the contract's life; even if this was true he had two weeks in which to carry out such arrangement before the contract expired.

I hardly think the only inducement for going into the partnership was merely a question of trying to sell. From what one of the gentlemen who just testified said it is difficult to reconcile the statement Thursday with the statement today, because, if he was "stuck" on Thursday and wanted to get his money back and was willing to take his money back, then when the offer of compromise was made in Court today—the Court could not help seeing it—it would tend to discredit his statement made as to his apparent loss or failure, that the property was not worth what it was sold for when he declined to accept the money he had paid. At any rate, having said that much, and believing a partnership has been established of some kind; and believing that the plaintiff is entitled to a credit or interest in this property to the extent of his two thousand and fifty-six dollars, I do not know of any power in the Court under this sort of bill to say that the property must be charged with the two thousand and fifty-six dollars or that the defendant has a right to demand and receive from the plaintiff enough to make up the proceeds of the amount he had to pay, because the only allegation and the only prayer for relief is that a receiver be appointed to take charge of the property and convert the same into cash.

Certainly if the partners had not made their deposits in accordance with their agreement it would not be a situation calling for the appointment of a receiver, to sell the property, and have the proceeds of the sale paid to the creditors and the balance paid to the partners. The plaintiff claims the benefit of his two thousand and fifty-six dollars, and he is entitled to it in some way. I find it difficult to gather from what the defendant expected to do with the proceeds of the property.

The third prayer might be granted, because if I am right in what I have just said, the plaintiff has established an interest, and if he has established an interest his prayer in the bill for an accounting gives him the right to have an accounting of the transaction.

The next prayer in which he is asked to be enjoined from selling might very well be granted, but it will require a bond to be given.

As this bill is framed I question very much the Court's jurisdiction. I do think, however, and if that will help any further adjustment of the matter, my whole conviction is that the plaintiff has shown that he has two thousand and fifty-six dollars interest in the transaction. The defendant has shown that he has a three thousand dollar interest plus what additional amount he has put in for expenses. The plaintiff's difference between the two thousand and fifty-six dollars towards the first expense. I believe the very thing we suggested this morning is the fair and proper thing to do. If the defendant feels he has made a bad bargain he could receive from the plaintiff the whole amount paid in by the plaintiff—or else accept the difference between two thousand and fifty-six dollars and one-half of what he has paid in and preserve the one-half interest for each and divide the subsequent profits or losses.

At any rate, I do not feel under this bill I will have the right to grant the relief asking for the appointment of a receiver.

Now, if you suggest any relief that I can grant I am prepared to do it. I think the plaintiff is entitled under this testimony to two thousand and fifty-six dollars in the property in controversy.